NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0225n.06

No. 16-3967

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 18, 2017
DEBORAH S. HUNT, Clerk

SORAYA BARREIROS-MATOS,                          )
                                                 )
        Petitioner,                              )
                                                 )   ON PETITION FOR REVIEW
v.                                               )   FROM THE UNITED STATES
                                                 )   BOARD OF IMMIGRATION
JEFF B. SESSIONS, U.S. Attorney General,         )   APPEALS
                                                 )
        Respondent.                              )


BEFORE: BOGGS, McKEAGUE, and GRIFFIN, Circuit Judges.


PER CURIAM. Soraya Barreiros-Matos petitions for review of an order of the Board of
Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of her motion to
reopen.

Barreiros-Matos, a native and citizen of Brazil, entered the United States on or about
December 22, 2004. The following day, the Department of Homeland Security personally
served her with a notice to appear for a removal hearing on March 11, 2005. The notice to
appear was written in English, but it noted that Barreiros-Matos was provided oral notice in her
native Portuguese language of the time and place of the hearing and the consequences for failure
to appear. The immigration court subsequently mailed Barreiros-Matos a notice of the March 11
hearing. The notice was dated March 9, but not postmarked until March 11, 2005. It was mailed

to the address that she had provided, but the notice was returned as undeliverable. Barreiros-Matos did not appear for her removal hearing, and the IJ ordered her removed in absentia.

On June 8, 2015, Barreiros-Matos filed a motion to reopen her removal proceedings, arguing that she did not receive proper notice of her removal hearing because an immigration officer told her to expect a notice of hearing in the mail, and she never received the notice. The IJ denied the motion to reopen, concluding that Barreiros-Matos received proper notice of the hearing. The BIA affirmed the IJ's decision, concluding that Barreiros-Matos received both written and oral notice of the removal hearing. The BIA further concluded that, even if Barreiros-Matos did not receive proper oral notice, the written notice provided by the notice to appear was sufficient.

On appeal, Barreiros-Matos raises two arguments: (1) the BIA engaged in improper fact-finding by concluding that she was properly told about the hearing date and by rejecting her claim that an immigration officer misadvised her to wait for a hearing notice to arrive in the mail; and (2) she was denied due process by the BIA's determination that the notice to appear on its own provided sufficient notice of the removal hearing.

We review for an abuse of discretion the BIA's denial of a motion to reopen a removal order. *Kukalo v. Holder*, 744 F.3d 395, 402 (6th Cir. 2011). An abuse of discretion occurs if the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious racial discrimination. *Id.*

Barreiros-Matos first argues that the BIA engaged in improper fact-finding by concluding that she was properly told about the hearing date and by rejecting her claim that an immigration officer misadvised her to wait for a hearing notice to arrive in the mail. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (stating that, except for taking administrative notice of commonly known

facts, the BIA will not engage in fact-finding in the course of deciding appeals). But the BIA did not rely on any factual findings beyond those contained in the IJ's opinion. In denying Barreiros-Matos's motion to reopen, the IJ found that she was orally notified of the hearing details in her native language, thereby rejecting Barreiros-Matos's claim that an immigration officer misadvised her about the hearing. The BIA merely affirmed that factual determination rather than making factual findings of its own.

Barreiros-Matos also argues that she was denied due process by the BIA's determination that the notice to appear, on its own, provided sufficient notice of the removal hearing. She contends that the notice to appear was insufficient because she did not speak English, the date of the hearing was not translated for her, and an immigration officer misadvised her that she should wait for a hearing notice to arrive in the mail. Because Barreiros-Matos has not successfully challenged the finding that she was orally advised of the hearing details in her native language, we need not address the merits of this claim, which challenges only the BIA's alternative holding that the notice to appear, on its own, provided sufficient notice of the removal hearing.

Accordingly, we **DENY** Barreiros-Matos's petition for review.